UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

A&I INT'L TRADING CORP.,

                Plaintiff,

      v.

CARRINGTON SALES CO. *et al.*,

                Defendant.

96 Civ. 4845

**OPINION**

      Plaintiff A&I International Trading Corporation brings this action alleging fraud and breach of contract by defendants Carrington Sales Company and Ari Ben-Menashe.

      More than 11 years after plaintiff last contacted this court, defendants move to dismiss the case with prejudice for lack of prosecution. The motion is granted.

## Background

      A&I filed its complaint on June 26, 1996, in the Southern District of New York. The complaint alleges fraud and breach of contract based on defendants' conduct in "late 1995." Allegedly Ben-Menashe, on behalf of Carrington Sales, made misrepresentations to A&I in the course of contract negotiations. The case was assigned to Judge Knapp.

      On August 22, 1996, defendants moved to dismiss the case or to compel arbitration. In response, on October 7, 1996, A&I requested that if the court compelled arbitration, the parties should arbitrate in New York City. In November 1996, before the court ruled on the motion, the parties agreed to arbitrate their dispute.

      Nothing happened in this case for the next five years. On November 11, 2001, the case was transferred to Judge Griesa's docket. In December 2001, A&I advised defendants that it

intended to pursue arbitration.  The arbitrator dismissed the claims against Ben-Menashe, and Carrington later withdrew from the arbitration.  (The parties dispute whether Carrington's withdrawal was proper, but it is the timing, not the propriety, of the withdrawal that is relevant here.)  In June 2002, plaintiff's counsel sent a letter to the court advising of the status of the arbitration.  Plaintiff's counsel also called the court "about two times" to check on the status of the case.

On May 31, 2005, after nearly 3 years without any activity on the docket, the court administratively closed the case.  This closure did not constitute a dismissal of the case or affect the parties' rights in the litigation.

Nothing else happened in the case until May 24, 2013—nearly 17 years after filing the complaint and 11 years after the arbitration concluded—when A&I wrote to the court, requesting that the court reopen the case.

On September 18, 2013, defendants moved to dismiss the case for lack of prosecution.

### Discussion

In the exercise of its broad discretion "to achieve the orderly and expeditious resolution of cases," Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962), a district court is authorized to dismiss a case for lack of prosecution, Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972); see Fed. R. Civ. P. 41(b).  In deciding the motion, the district court should consider whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions."

Ruzsa v. Rubenstein & Sendy Attys at Law, 520 F.3d 176, 177 (2d Cir. 2008) (per curiam).  No single factor is dispositive, and ultimately the court must decide if dismissal is appropriate in light of the record as a whole.  United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004).

The procedural history of this case shows plaintiff's repeated failure to press forward with litigation.  Five years passed between plaintiff's agreement to arbitrate and the filing of the arbitration.  After arbitration failed, plaintiff sent a letter and made two calls to the court.  Another eleven years went by before plaintiff again attempted to move forward with the case.  Where "inaction and lethargy became the rule," the district court can properly dismiss for failure to prosecute.  Shannon v. Gen. Elec. Co., 186 F.3d 186, 194 (2d Cir. 1999).

Defendants suffer prejudice in defending against claims as time elapses—memories grow stale and evidence is lost.  See Ruzsa, 520 F.3d at 177.  Here, A&I's claims rest in part on misrepresentations alleged to have happened almost 20 years ago.  A&I offers no evidence showing that defendants will not suffer prejudice from further delay.

A&I contends that defendants are responsible for the delay.  But the only explanation A&I offers is that defendants should have pressed for dismissal sooner.  This argument is meritless.  It is the plaintiff's responsibility to press his case.  Dodson v. Runyon, 86 F.3d 37, 41 (2d Cir. 1996).  Defendants are not under any duty to take steps to bring a case to trial.  Id.  And it is not the duty of the court to contact plaintiffs and urge them to prosecute this action.  Id.

The length of A&I's delay also affects whether lesser sanctions are an adequate remedy.  Dodson, 86 F.3d at 41.  Given the severe delay and the resulting prejudice to defendants, no lesser sanction will suffice.

The court has not previously warned A&I that failure to prosecute the case would result in dismissal. The parties have, however, briefed the issue, and A&I has had the opportunity to offer an explanation for its delay.

In light of the entire record in this case, dismissal is appropriate. The length of delay in this case is exceptional, and the Second Circuit has routinely upheld dismissals for much shorter delays. See Shannon, 186 F.3d at 194.

## Conclusion

The case is dismissed with prejudice, and the case should be closed.

This opinion resolves the motion listed as document number 17.

So ordered.

Dated: New York, New York
April 21, 2014

Thomas P. Griesa
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/21/14

4